ROSENBERG BROS. & Co., Appellant, vs. ZINKE COMPANY, Respondent.

*October 10—November 8, 1922.*

*Sales: Alteration of contract: Provision allowing seller to designate price: Waiver.*

1. A change by the seller, a wholesale fruit dealer, without the consent of the buyer, in a contract for the sale of prunes by substituting the clause "firm at seller's opening prices" for the clause "firm at opening prices when named," and adding a provision incorporating the terms and conditions adopted by a national fruit dealers' association, is a material alteration, as the evidence supports the finding of the trial court that the first clause referred to a general market price in a stated fruit market and that the substituted clause gave the seller the right to designate the price.

2. Where the buyer, on receipt of the altered order, immediately notified the salesman through whom the order had been solicited that such alteration was not acceptable, but at the salesman's suggestion retained a duplicate copy of the altered form, and thereafter the seller sent a new form of contract, also containing the altered provision, to the buyer, who promptly notified the seller that he would not accept it, there was no waiver of the alteration.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Plaintiff corporation is a wholesale dealer in fruits in San Francisco, California, the defendant a Wisconsin corporation doing business at Fond du Lac.

In April, 1920, the defendant signed three separate forms of order or contract for the purchase of California fruits from plaintiff for delivery in the following October. One such order was for prunes, one for peaches and apricots, and one for raisins. The one for raisins was subsequently canceled. The defendant refused to accept delivery under either of the other orders. This action was brought to recover damages for such refusal; one cause of action as to

the so-called prune contract and a second for the peaches and apricots. The plaintiff had judgment upon the second cause of action and no question is here raised as to that.

In the first cause of action the plaintiff alleged the making of the written contract. That the defendant notified plaintiff in writing prior to the time fixed for the shipment of such goods of its refusal to comply with the contract or to accept or pay for the goods. That in the month of October, 1920, there was an available market for such goods; and that the difference between the contract price and the market or current price of said goods was approximately $1,400, for which sum plaintiff prayed damages.

The defense interposed was in substance that at the time of the signing of the proposed contract or order by the defendant on April 2, 1920, such writing was presented to it by a salesman for a firm of Milwaukee brokers who were representing plaintiff, and that there was printed as a part of such order and as the only provision therein as to the purchase price of the various kinds and quantities of such prunes the words, *"firm at opening prices when named."* That such form of contract so signed by the defendant was then forwarded to the plaintiff at San Francisco to be signed and executed on its part in order to complete the transaction. That such contract was signed by the plaintiff, but before a duplicate copy thereof was returned to defendant the words above quoted were crossed out and in lieu thereof the following clause inserted: *"firm at seller's opening prices, terms, and conditions,"* and also there was added the following provision: "F. O. B. Santa Clara. Terms and conditions of contract adopted April 23, 1919, by National Wholesale Grocers' Association of the United States and Dried Fruit Association of California to apply. Seller's packing charges of 1920 to apply." That upon such changed writing being returned the defendant notified the salesman through whom the order had been solicited that the defendant would not recognize or be bound by the writing so

changed and because of such change. There was subsequent correspondence, but such is not deemed material here.

A jury trial having been waived, the court found the facts as above outlined and that the defendant at no time accepted the orders as altered or ratified such alterations; that such alteration was material in that it substituted a price that should be fixed by the plaintiff instead of the general market price such as was fixed by the original order. That the plaintiff prior to September 15, 1920, sent to defendant for its signature a new contract, specifying particularly its opening prices for such order and requesting defendant's signature thereto, which was refused, and on September 15th defendant returned such unsigned order to plaintiff and notified it that defendant would accept no goods under such order.

And as conclusions of law that the order for prunes of April 2, 1920, never became effective because of said alterations thereof by plaintiff and that the altered order never became operative because not accepted by defendant.

Judgment was entered in favor of the plaintiff upon the second cause of action and denying recovery on the first cause. From so much of the judgment as denied plaintiff recovery on the first cause of action this appeal has been taken.

For the appellant there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Rossiter Lines*.

*H. E. Swett* of Fond du Lac, for the respondent.

ESCHWEILER, J. Plaintiff contends that the trial court was wrong in holding that the changes made in the original order made a material alteration in the written form of contract of April 2d. The testimony, however, amply supports the finding of the trial court to the effect that the clause "Firm at opening prices when named," so stricken out, was understood to mean and refer to a general market

Rosenberg Bros. & Co. v. Zinke Co. 178 Wis. 526.

price in the California fruit market as it should be established and announced in the usual manner in the summer of 1920, and that the substituted clause was intended to and did mean that the plaintiff as seller had the right to fix and designate such price, terms, and conditions as it should elect, and which would or might be other than those fixed in the general market.

Clearly a change whereby the buyer would be bound to pay any price which the seller himself might fix for his goods and bound by any terms and conditions which the seller might at his election prescribe, is the making of a substantially different contract from the one to which defendant assented by his signing of the order of April 2d, wherein the price to be paid was that to be fixed by others than the seller. That such was a material change is further shown by plaintiff's continued insistence upon it.

The plaintiff also urges that the defendant waived any objection it might have had to such alterations or is estopped from asserting any defense thereunder by reason of its having continued to retain possession of the duplicate copy returned to it by plaintiff after such changes had been made. The uncontradicted testimony, however, is that the defendant immediately upon receipt of such altered contract notified the salesman through whom the order had been obtained that such alteration was not accepted by it and that at the suggestion of such salesman the altered form of contract was retained. And it further appears without dispute that the plaintiff forwarded to defendant for signature a new form of contract for the same order, also containing the same changes that had been so made in the original order, and that upon receipt of such new contract the defendant promptly notified plaintiff that it would not accept such or recognize any obligation whatsoever.

The judgment must therefore be affirmed.

*By the Court.*—Judgment affirmed.